**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SIXTA GLADYS PEÑA MARTINEZ *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   Case No. 3:18-cv-01206-WGY |
| | ) |
| ALEX M. AZAR II, Secretary, United States | ) |
| Department of Health and Human Services, | ) |
| in his official capacity *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## DEFENDANTS' ANSWER

Defendants Alex M. Azar II, in his official capacity as Secretary of Health and Human Services ("HHS"); HHS; Sonny Perdue, in his official capacity as Secretary of Agriculture; the United States Department of Agriculture ("USDA"); Nancy A. Berryhill, in her official capacity as Acting Commissioner of Social Security; and the Social Security Administration ("SSA") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Complaint. Defendants specifically deny each and any allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer. Answering the numbered paragraphs of Plaintiff's Complaint, Defendants respond as follows:

### Introduction

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, except to admit that in 2017, Hurricanes Irma and Maria struck Puerto Rico, causing serious damage to the island, including to residents' homes and to the island's infrastructure. The remaining sentences of this

paragraph consist of legal conclusions and characterizations of this action, to which no response is required.

2.      This paragraph contains Plaintiffs' characterization of various media reports, to which no response is required.  Defendants respectfully refer this Court to the cited articles for a full and accurate statement of their contents.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that on or about September 20, 2017, Hurricane Maria struck Puerto Rico, causing serious damage to the island, including to residents' homes and to the island's infrastructure.

3.      This paragraph contains Plaintiffs' characterization of a magazine article, to which no response is required.  The Court is referred to the cited article for a full and accurate statement of its contents.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph.  The second sentence of this paragraph characterizes a 1996 law, to which no response is required.  The Court is referred to the referenced law for a full and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph.  The fourth sentence of this paragraph consists of Plaintiffs' interpretation of data from the Bureau of Labor Statistics, to which no response is required.  The Court is referred to the cited Web site for a full and accurate statement of its contents.

5.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph.  The third sentence consists of Plaintiffs' characterization of a 2016 Puerto Rico statute, to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence.

6.     This paragraph characterizes a 2014 Puerto Rico statute and a 2016 U.S. Supreme Court decision, to which no response is required.  The Court is referred to the cited legal provisions for a full and accurate statement of their contents.

7.     Defendants admit that on or about June 30, 2016, the Puerto Rico Oversight, Management, and Economic Stability Act was enacted.  The remainder of this paragraph consists of Plaintiffs' characterization of that statute, to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, fifth, and sixth sentences of this paragraph.  The remainder of this paragraph consists of Plaintiffs' characterization of news articles, to which no response is required.  The Court is referred to the cited articles for a full and accurate statement of their contents.

9.     The first sentence of this paragraph consists of Plaintiffs' characterization of a news article, to which no response is required.  The Court is referred to the cited article for a full and accurate statement of its contents.  With respect to the second sentence, Defendants admit that an estimated 15-20% of Puerto Rico's population is eligible for and receives benefits under Medicare.  With respect to the third sentence, Defendants admit that an estimated 1.3 million

people are currently receiving nutrition assistance (food stamps) funded by Puerto Rico's

Nutritional Assistance Program ("NAP") block grant.  The third sentence consists of Plaintiffs'

characterization of and legal conclusions about unspecified federal statutes and regulations, to

which no response is required.  The fourth sentence consists of a legal conclusion, to which no

response is required.  The fifth sentence consists of Plaintiffs' characterization of and legal

conclusions about 42 U.S.C. § 1382 and 1382c, to which no response is required.  The Court is

referred to the cited statutes for a full and accurate statement of their contents.  The sixth

sentence consists of Plaintiffs' characterization of 7 U.S.C. § 2012, to which no response is

required.  The Court is referred to the cited statute for a full and accurate statement of its

contents.  The seventh sentence consists of Plaintiffs' characterization of and legal conclusions

about the Medicare Part D program, to which no response is required.  The eighth sentence

consists of Plaintiffs' characterization of a 2014 Government Accountability Office report, to

which no response is required.  The Court is referred to the cited government report for a full and

accurate statement of its contents.  The ninth sentence consists of a legal conclusion, to which no

response is required.

10.    This paragraph consists of Plaintiffs' characterization of this action and of legal

conclusions, to which no response is required.  Defendants deny that Plaintiffs are entitled to the

requested relief or to any relief whatsoever.

## Jurisdiction and Venue

11.    This paragraph consists of legal conclusions, to which no response is required.

12.    This paragraph consists of legal conclusions, to which no response is required.

13.    This paragraph consists of legal conclusions, to which no response is required.

**Parties**

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that an individual named Maria Luisa Aguilar Galindez resides in Puerto Rico and receives Social Security Title II benefits.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.     Admitted.

25.     Defendants admit that HHS is a federal agency, and that HHS is generally responsible for implementing and administering the various Medicare programs at the federal level.  Defendants further admit that the Centers for Medicare and Medicaid Services ("CMS") is a component of HHS.

26.     Admitted.

27.     Defendants admit that USDA is a federal agency, and that USDA is generally responsible for implementing and administering the SNAP program at the federal level. Defendants further admit that the Food and Nutrition Service ("FNS") is a component of USDA, and that FNS is generally responsible for administering the SNAP program on a day-to-day basis.

28.     Admitted.

29.     Defendants deny that Nancy A. Berryhill is the Deputy Commissioner for Operations of Social Security.  Defendants admit that Nancy A. Berryhill is the Acting Commissioner of Social Security, and that in that capacity, she currently leads SSA.

30.     Admitted.

**Federal Benefits Programs and Taxes in Puerto Rico**

31.     This paragraph consists of Plaintiffs' characterization of the SSI, SNAP, and Medicare programs, to which no response is required.  To the extent that a response is required, Defendants admit that they administer programs that provide benefits payments to qualifying eligible individuals, and that they have promulgated regulations for the SSI, SNAP, and Medicare programs.

32.     This paragraph consists of a legal conclusion, to which no response is required.

6

**SSI in Puerto Rico**

33.     Defendants admit that the SSI program is a federal program intended to supplement the income of qualifying aged, blind, and disabled people, that SSA is responsible for administering the SSI program, and that SSA typically makes payments under the program directly to individual beneficiaries or their representative payees.

34.     The first sentence of this paragraph consists of Plaintiffs' characterization of a federal statute, to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.  With respect to the second sentence of this paragraph, Defendants admit that SSI benefits are available to qualifying residents of the fifty States, the District of Columbia, and the Northern Mariana Islands, and are not available to Puerto Rico residents.  With respect to the third sentence of this paragraph, Defendants admit that SSI benefits have not been made available to Puerto Rico residents.

35.     With respect to the first sentence of this paragraph, Defendants admit that SSI benefits have not been made available to Puerto Rico residents.  The remainder of this paragraph consists of Plaintiffs' characterization of various federal statutes, to which no response is necessary.  The Court is referred to the cited statutes for a full and accurate statement of their contents.

36.     This paragraph consists of Plaintiffs' characterization of unspecified federal regulations, to which no response is required.  To the extent that a response is required, Defendants admit that SSA regulations are consistent with federal statutes governing SSI benefits.

37.     This paragraph consists of Plaintiffs' characterization of various federal regulations, to which no response is required.  The Court is referred to the cited regulations for a full and accurate statement of their contents.

38.     Defendants admit that the Social Security Act authorizes Puerto Rico to administer an Aid to the Aged, Blind, or Disabled Program ("AABD") to qualifying aged, blind, or disabled residents of Puerto Rico, and that Puerto Rico has implemented and currently administers such a program.

39.     This paragraph consists of Plaintiffs' characterization of various federal statutes and a government report, to which no response is required.  The Court is referred to the cited materials for a full and accurate statement of their contents.

40.     This paragraph consists of Plaintiffs' characterization of the SSI and AABD programs, to which no response is required.  To the extent that a response is required, Defendants admit that the AABD program generally provides lower benefits than the SSI program.

41.     With respect to the first sentence, Defendants admit that in fiscal year 2015, the "basic" monthly SSI Federal benefit rate for an eligible individual was $733 (which can be supplemented for family shelter costs) and that the maximum monthly AABD benefit for an individual was $64.  The second sentence of this paragraph consists of Plaintiffs' characterization of a 2014 government report, to which no response is required.  The Court is referred to the cited report for a full and accurate statement of its contents.

42.     This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 1308, to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.  To the extent that a response is required, Defendants admit that the cap

on annual federal spending on the AABD program appears to have remained constant for 20 years.

43.     With respect to the first sentence of this paragraph, Defendants admit that a cap on federal spending applies to federal payments to Puerto Rico under Titles IV-A and IV-E, and Section 1108(b), of the Social Security Act.  The remainder of this paragraph consists of Plaintiffs' characterization of a 2016 government report, to which no response is required.  The Court is referred to the cited report for a full and accurate statement of its contents.

44.     This paragraph consists of Plaintiffs' general characterization of the SSI program, to which no response is required.

45.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of various statutes and a 2014 government report, to which no response is required.  The Court is referred to the cited statutes and report for a full and accurate statement of their contents.

46.     This paragraph consists of Plaintiffs' characterization of a government report, to which no response is required.  The Court is referred to the cited report for a full and accurate statement of its contents.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph.  With respect to the second sentence, Defendants admit that Puerto Rico residents are not eligible to receive SSI benefits but otherwise lack knowledge or information as to the remainder.

**SNAP in Puerto Rico**

48.     Defendants admit that SNAP is a federal program that provides nutrition assistance to low-income households; that SNAP is available to qualifying residents of the fifty

States, the District of Columbia, Guam, and the Virgin Islands; and that FNS is generally responsible for administering SNAP on the federal level.

49.     Defendants admit that SNAP beneficiaries typically receive SNAP benefits via an Electronic Benefit Transfer ("EBT") card, which functions akin to a bank debit card; that EBT is an electronic system that allows SNAP beneficiaries to use their SNAP benefits to pay for food at authorized retailers; and that the federal government makes SNAP funds available through the States who process applications, determine eligibility and allotment, and make the benefits directly available to SNAP beneficiaries via the State issued EBT cards.

50.     Defendants admit that EBT cards are issued by participating States and Territories; and that EBT is used for government benefits such as Temporary Assistance to Needy Family benefits.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

51.     This paragraph consists of legal conclusions and Plaintiffs' characterization of various federal statutes, to which no response is required.  The Court is referred to the cited statutes for a full and accurate statement of their contents.

52.     With respect to the fourth sentence of this paragraph, Defendants admit that qualifying residents of the fifty States are eligible to participate in SNAP.  The remainder of this paragraph consists of legal conclusions and of Plaintiffs' characterization of a federal statute and a 1992 government report, to which no response is required.  The Court is referred to the cited materials for a full and accurate statement of their contents.

53.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of a federal statute and a 2015 government report, to which no response is required.  The Court is referred to the cited materials for a full and accurate statement of their contents.

54.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of unspecified federal regulations, to which no response is required.  To the extent that a response is required, Defendants admit that USDA regulations are consistent with federal statutes governing SNAP benefits.

55.     This paragraph consists of Plaintiffs' characterization of various federal regulations, to which no response is required.  The Court is referred to the cited regulations for a full and accurate statement of their contents.

56.     Defendants admit that Puerto Rico uses a federal block grant to fund its Nutritional Assistance Program ("NAP"); that NAP is generally administered by Puerto Rico's Administration for Socioeconomic Development of the Family ("ADSEF"); that ADSEF is housed within Puerto Rico's Department of the Family; and that ADSEF is generally responsible for establishing eligibility and benefit levels, certifying and monitoring retailers, distributing benefits, detecting and investigating fraud, and providing nutrition education to NAP participants.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  The second and third sentences of this paragraph consist of Plaintiffs' characterization of government reports from 2010 and 2014, respectively, to which no response is required.  The Court is referred to the cited reports for a full and accurate statement of their contents.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

11

contained in the second sentence of this paragraph, except to admit that Puerto Rico residents are not eligible to receive SNAP benefits.

**Medicare in Puerto Rico**

59.     Defendants admit that Medicare provides federally-supported health insurance for the elderly and the disabled.

60.     Defendants admit that Medicare was enacted in 1965; that Medicare originally consisted of two components, Parts A and B; that Part A provides basic coverage for the costs associated with inpatient hospital services and certain post-hospital extended care services; and that Medicare Part B benefits are supplemental health insurance benefits that cover certain physician, diagnostic, and other outpatient services for beneficiaries who voluntarily enroll and pay additional premiums.

61.     Defendants admit that Medicare Part C was created in 1997; and that Part C enables qualifying Medicare recipients to obtain the benefits of Medicare Parts A and B through qualifying private insurance plans, which are known as Medicare Advantage plans.

62.     Defendants admit that Medicare Part D was created in 2003; and that Part D authorizes qualifying private insurers to offer federally-subsidized insurance plans for prescription drugs to Medicare beneficiaries.

63.     This paragraph consists of legal conclusions, to which no response is required.

64.     Defendants admit that Medicare beneficiaries residing in Puerto Rico are not eligible to receive a subsidy for Medicare Part D benefits that is known as the low-income subsidy ("LIS"); and that qualifying low-income Medicare beneficiaries residing in the fifty States and the District of Columbia are eligible for LIS.

65.     This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 1395w-114(a)(3)(F), to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.

66.     This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 1395w-114(a)(3)(F), to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.

67.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of unspecified federal regulations, to which no response is required.  To the extent that a response is required, Defendants admit that HHS regulations are consistent with federal statutes governing LIS.

68.     This paragraph consists of Plaintiffs' characterization of various federal regulations, to which no response is required.  The Court is referred to the cited regulations for a full and accurate statement of their contents.

69.     This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 1396u-5(e), to which no response is required.  The Court is referred to the cited statute for a full and accurate statement of its contents.

70.     The first sentence of this paragraph consists of legal conclusions, to which no response is required.  The second sentence of this paragraph consists of Plaintiffs' characterization of 2015 and 2016 government reports, to which no response is required.  The Court is referred to the cited reports for a full and accurate statement of their contents.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that Puerto Rico residents are not eligible for LIS.

**Aggregate Effect of Excluding Puerto Ricans from Federal Funding**

72.     This paragraph consists of Plaintiffs' characterization of a 2014 government report to which no response is required.  The Court is referred to the cited report for a full and accurate statement of its contents.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Right to Equal Protection in Puerto Rico**

74.     This paragraph consists of legal conclusions, to which no response is required.

75.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of various Supreme Court decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

76.     This paragraph consists of legal conclusions, to which no response is required.

77.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of a Supreme Court decision, to which no response is required.  The Court is referred to the cited decision for a full and accurate statement of its contents.

78.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of a Supreme Court decision, to which no response is required.  The Court is referred to the cited decision for a full and accurate statement of its contents.

79.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of various Supreme Court decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

80.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of various First Circuit decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

81.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of various First Circuit decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

82.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of a constitutional provisions and various court decisions, to which no response is required.  The Court is referred to the cited provision and decisions for a full and accurate statement of their contents.

83.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of a decision from this District, to which no response is required.  The Court is referred to the cited decision for a full and accurate statement of its contents.

84.     This paragraph consists of legal conclusions, to which no response is required.  To extent that a response is required, Defendants deny any violation of the Constitution or any other law.

85.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of Supreme Court decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

86.     This paragraph consists of legal conclusions and of Plaintiffs' characterization of Supreme Court decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.  To the extent that a response is

required, Defendants admit that federal law requires some residents of Puerto Rico to pay some federal taxes.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

88.     This paragraph consists of legal conclusions and Plaintiffs' characterization of Supreme Court decisions, to which no response is required.  The Court is referred to the cited decisions for a full and accurate statement of their contents.

89.     This paragraph consists of legal conclusions and argument, rather than statements of material fact.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny that the statutes challenged by Plaintiffs are inconsistent with the Constitution.

90.     This paragraph consists of legal conclusions and argument, rather than statements of material fact.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny that the statutes challenged by Plaintiffs are inconsistent with the Constitution.

## Count I – Equal Protection
### (Exclusion from SSI Benefits)

91.     Defendants incorporate herein their prior responses to Paragraphs 1-90.

92.     Defendants admit that the SSI program provides federal benefits to qualifying low-income aged, blind, and disabled U.S. citizens.

93.     Defendants admit that SSI benefits are not available to residents of Puerto Rico.

94.     The allegations in this paragraph constitute legal conclusions to which no response is required.

95.     The allegations in this paragraph are denied.

96.     With respect to the first and second sentences of this paragraph, Defendants admit that the federal Government provides funds for Puerto Rico's AABD program, which provides

16

benefits to the aged, blind, and disabled, and that the AABD program generally provides lower benefits than the SSI program.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of this paragraph.  The allegations in the fifth sentence of this paragraph are denied.

97.    The allegations in this paragraph are denied.

98.    The allegations in this paragraph constitute Plaintiffs' characterization of their Complaint, to which no response is required.

### Count II – Equal Protection
### (Exclusion from SNAP Benefits)

99.    Defendants incorporate herein their prior responses to Paragraphs 1-98.

100.    Defendants admit that the SNAP program provides federal benefits to qualifying low-income households to help them purchase food.

101.    Defendants admit that qualifying residents of the fifty States, the District of Columbia, Guam, and the U.S. Virgin Islands are eligible to participate in the SNAP program. Defendants admit that residents of Puerto Rico are not eligible to participate in the SNAP program.

102.    The allegations in this paragraph constitute legal conclusions to which no response is required.

103.    The allegations in this paragraph are denied.

104.    With respect to the first sentence of this paragraph, Defendants admit that the federal government provides funds for the NAP program, which provides benefits to qualifying low-income households to help them purchase food.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, fourth,

and fifth sentences of this paragraph.  The allegations in the sixth sentence of this paragraph are denied.

106.    The allegations in this paragraph are denied.

106.    The allegations in this paragraph constitute Plaintiffs' characterization of their Complaint, to which no response is required.

**Count III – Equal Protection**
**(Exclusion from Medicare Part D Low-Income Subsidies)**

107.    Defendants incorporate herein their prior responses to Paragraphs 1-106.

108.    Defendants admit that the Medicare program provides federal medical insurance and benefits for qualifying elderly and disabled recipients.

109.    Defendants admit that Medicare Part D authorizes participating private insurers to offer federally-subsidized insurance plans for qualifying prescription drugs to qualifying Medicare beneficiaries.

110.    Defendants admit that Medicare Part D authorizes a subsidy to qualifying low-income individuals for insurance under Medicare Part D.

111.    Defendants admit that residents of Puerto Rico are not eligible to receive a subsidy for low-income individuals under Medicare Part D.

112.    The allegations in this paragraph constitute legal conclusions to which no response is required.

113.    The allegations in this paragraph are denied.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

115.    The allegations in this paragraph are denied.

18

116.    The allegations in this paragraph constitute Plaintiffs' characterization of their Complaint, to which no response is required.

## Prayer for Relief

117.    Defendants deny that Plaintiff is entitled to the relief requested or any other relief whatsoever.

Defendants specifically deny each and any allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

## First Affirmative Defense

Defendants reserve the right to amend their Answer with additional defenses of which they may become aware and to raise any other matter constituting an avoidance or affirmative defense.

Dated: April 24, 2019                                Respectfully submitted,

                                                     JOSEPH H. HUNT
                                                     Assistant Attorney General

                                                     ERIC WOMACK
                                                     Assistant Branch Director

                                                      /s/ Daniel Riess
                                                     DANIEL RIESS
                                                     Trial Attorney
                                                     U.S. Department of Justice
                                                     Civil Division
                                                     1100 L Street, NW
                                                     Washington, D.C. 20005
                                                     Telephone: (202) 353-3098
                                                     Fax: (202) 616-8460
                                                     Email: Daniel.Riess@usdoj.gov
                                                     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

 /s/ Daniel Riess
Daniel Riess