IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SIXTA GLADYS PEÑA MARTINEZ** *et al.*, )<br> )<br>**Plaintiffs**, )<br> )<br>v. )<br> )<br>**ALEX M. AZAR II, Secretary, United States** )<br>**Department of Health and Human Services,** )<br>**in his official capacity** *et al.*, )<br> )<br>**Defendants.** )<br>_____ ) | Case No. 3:18-cv-01206-WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs have filed a notice of authority regarding the First Circuit's recent panel decision in *United States v. Vaello-Madero*, No. 19-1390 (1st Cir. Apr. 10, 2020). Because the time has not elapsed for the United States to seek further appellate review in *Vaello-Madero*, Defendants respectfully renew their request for the Court to defer its merits decision here until the final disposition of that case. *See* Defs.' Combined Cross-Mot. for Summ. J. and Opp. to Pls.' Mot. for Summ. J. at 10 n.3, ECF No. 78; *see also* Reply Mem. in Supp. of Defs.' Mot. for Summ. J. at 29 n.8, ECF No. 85 (reiterating request).

In any event, even if the Court were to proceed with adjudication on the merits and grant summary judgment in favor of Plaintiffs, any declaratory or injunctive relief should be limited to the nine plaintiffs in this case. Under Article III, a plaintiff must "demonstrate standing . . . for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quotation omitted); *see also Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018) (a "plaintiff's remedy must be limited to the inadequacy that produced his injury in fact" because "the Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing

1

before it."); *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 487 (1st Cir. 2009) ("[I]njunctions must be tailored to the specific harm to be prevented.") (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc*., 217 F.3d 8, 14 (1st Cir. 2000)).

Absent a recognized exception, "litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Injunctive relief entered in an individual case "should [thus] be no more burdensome to the defendant than necessary to provide complete relief to *the plaintiff*" in the case. *Id*. at 702 (emphasis added); *see also Monsanto v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) (invalidating broader injunction where less burdensome remedy was available to redress parties' harm). "[C]ourts must [therefore] closely tailor injunctions to the harm that they address." *NACM-New England, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*, 927 F.3d 1, 7 (1st Cir. 2019) (quoting *Tamko Roofing Prods., Inc. v. Ideal Roofing Co*., 282 F.3d 23, 40 (1st Cir. 2002)).

This rule applies with special force where there is no class certification. *See Brown v. Trustees of Boston Univ*., 891 F.2d 337, 361 (1st Cir. 1989) ("Ordinarily, classwide relief, . . . , is appropriate only where there is a properly certified class.") (citation omitted); *see id*. (vacating injunction enjoining university from engaging in sex discrimination to the extent its scope extended beyond the named plaintiff). This limitation is consistent with the traditional rule that injunctive relief should be narrowly tailored to remedy the specific harms shown by plaintiffs, rather than to enjoin all possible breaches of the law. Consequently, "[w]here large public interests are concerned, and the issuance of an injunction may seriously embarrass the accomplishment of important governmental ends, a court of equity acts with caution and only upon *clear showing* that its intervention is *necessary* in order to prevent an *irreparable injury*." *Hurley v. Kincaid*, 285 U.S. 95, 104 n.3 (1932) (emphasis added).

"[T]here is no . . . reason here for an injunction running to the benefit of nonparties." *Brown*, 891 F.2d at 361. The nine individual plaintiffs have not demonstrated that anything other than permanent relief directed to them would be necessary to remedy their alleged injuries. Importantly, nothing in the district or appellate decisions in *Vaello-Madero* suggests that the relief granted extended beyond the individual litigant in that action, José Luis Vaello Madero. *See United States v. Vaello Madero*, 356 F. Supp. 3d 208, 211 (D.P.R. 2019) (entering summary judgment on Vaello Madero's "conten[tion that] he is not required to return the payments he received in Social Security Income ('SSI') disability benefits upon changing his domicile to Puerto Rico since excluding a United States citizen residing in the territory from receiving the same runs afoul of the equal protection guarantees of the Due Process Clause"); *Vaello-Madero*, No. 19-1390, 2020 WL 1815967 (affirming entry of summary judgment for Vaello Madero). Therefore, even if the Court were to proceed to adjudication on the merits, binding case law establishes that any relief should extend no further than necessary to the nine named plaintiffs.

Dated: April 15, 2020                                    Respectfully submitted,

                                                    JOSEPH H. HUNT
                                                  Assistant Attorney General

                                                  ERIC WOMACK
                                                  Assistant Branch Director

                                                  /s/ Daniel Riess
                                                  DANIEL RIESS
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Civil Division
                                                  1100 L Street, NW
                                                  Washington, D.C. 20005
                                                  Telephone: (202) 353-3098
                                                  Fax: (202) 616-8460
                                                  Email: Daniel.Riess@usdoj.gov
                                                  *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all attorneys of record.

  /s/ Daniel Riess